**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **BRIAN R. ALLEN** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **Case No. 4:14CV611** |
| | § | |
| **NOAH PRECISION, LLC,** | § | |
| **LAUDA-NOAH, LP,** | § | |
| **LAUDA-NOAH MANAGEMENT, INC.** | § | |
| **and PETER M. ADAMS,** | § | |
| | § | |
| **Defendants** | § | |

**MEMORANDUM OPINION AND ORDER OF UNITED STATES
MAGISTRATE JUDGE REGARDING LIMITED JURISDICTIONAL DISCOVERY**

The Court has reviewed Peter M. Adams' Motion to Dismiss (Dkt. 46) and Lauda-Noah, LP and Lauda-Noah Management, Inc.'s Rule 12(b)(6) Motion to Dismiss (Dkt. 47).

Defendant Adams argues that he is a non-resident who is not subject to the personal jurisdiction of this Court. Defendant also argues that Plaintiff has pleaded no facts to support his cause of action of fraudulent transfer against Adams. Similarly, Defendants Lauda-Noah, LP and Lauda-Noah Management, Inc. argue that they are Georgia entities not subject to the personal jurisdiction of this Court and seek dismissal accordingly.

In response to the motions, Plaintiff has argued that he should be allowed to conduct jurisdictional discovery prior to a ruling on Defendants' Rule 12(b)(2) Motions to Dismiss for lack of personal jurisdiction. *See* Dkt. 51. Although the Court agrees with Defendants that Plaintiff's jurisdictional allegations may not ultimately suffice (and the Court notes that jurisdiction may very

well be lacking), the Court is mindful that Plaintiff bears the burden of establishing that a non-resident defendant has contacts with the forum state sufficient to invoke the jurisdiction of this Court. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005). The Court finds that Plaintiff's responses contain sufficient non-frivolous arguments to warrant very limited discovery. *See, e.g., Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous.") (internal citations and quotations omitted).

The Court also notes that Plaintiff has filed several other discovery motions in which he claims that Defendants have objected to or failed to respond to his discovery requests.

In Plaintiff's Motion to Compel Rule 26(a) Disclosures from Defendants Lauda-Noah, LP, Lauda-Noah Management, Inc., and Answers to Interrogatories Against Lauda-Noah, LP and Lauda-Noah Management, Inc. (Dkt. 59), Plaintiff argues that Defendants' Rule 26(a) disclosures are past due and that Defendants Lauda-Noah and Lauda-Noah Management have objected to (or failed to produce documents in response to) his Requests for Production of Documents and Interrogatories. Plaintiff argues that these discovery requests seek documents and information relevant to both personal jurisdiction and the merits of Plaintiff's fraudulent transfer claim.

Defendants respond that they have submitted their Rule 26(f) disclosures and filed their Notices of Disclosure, that they withdrew their objections to Request for Production Nos. 5, 6, 10, and 17 and that they did not assert any objections to Request No. 18. Defendants further respond that, with respect to the remaining requests, "Defendants have produced or are in the process of

producing responsive documents subject to the objections, all of which are valid objections." Dkt. 69 at 3.

The Court has reviewed the discovery requests made subject of Plaintiff's motion to compel. Plaintiff's Motion to Compel Rule 26(a) Disclosures from Defendants Lauda-Noah, LP, Lauda-Noah Management, Inc., and Answers to Interrogatories Against Lauda-Noah, LP and Lauda-Noah Management, Inc. (**Dkt. 59**) is **GRANTED in part** and **DENIED in part**.

The Court finds that the only discovery requests reasonably touching on the issue of personal jurisdiction are Interrogatories 1(a), (b), (c), Interrogatory 2(a), and Request for Production 1. As to those requests, the Court orders as follows:

Within 15 days of the date of this Order, Defendants shall provide responses to Interrogatory No. 1(a) (the beginning and ending dates Defendants provided any products or services to Texas customers) and 1(c) (the percentage of total revenue that each client located in the State of Texas paid Defendant during the time period at issue)[1] and Interrogatory No. 2(a) (the names of Defendants' representatives who were in the State of Texas on behalf of Defendants). *See* Dkt. 60. To the extent not already produced, within 15 days of the date of this Order, Defendants shall also produce documents in response to Request for Production 1(a) (all invoices from Defendants for work to be performed in Texas) and 1(b) (all contracts between Defendants and clients for work performed in Texas and all orders from clients for work to be performed in Texas). *See* Dkt. 60. This discovery shall be produced to counsel for ATTORNEY'S EYES ONLY, unless otherwise agreed by the parties.

---

[1]This percentage need not be stated with mathematical precision. It may be an estimate made by Defendants based on a good faith review of the relevant accounting records.

As to all of Plaintiff's other discovery requests, the Court finds that they are either made moot by Defendants' supplementation, are overly broad, or are not currently tailored to the matter of jurisdiction concerning the Court at this time. The motion to compel is thus DENIED as to all other requests, including Plaintiff's request for an award of fees.

Plaintiff is also permitted to depose Defendants regarding their contacts with the State of Texas. Plaintiff's total deposition time for all Defendants may not exceed a total of three hours. Defendants are equally granted up to three hours of questioning should they so choose. These depositions shall be completed within 45 days of the date of this Order, unless the parties agree otherwise.

As to Plaintiff's request to conduct "jurisdictional discovery" concerning the control by general partner Lauda-Noah Management over the business operation and affairs of the limited partnership, Lauda-Noah, such is not narrowly tailored to the jurisdictional matters concerning the Court. The deposition questions shall be limited to matters of personal jurisdiction and Defendants' contacts with the State of Texas.

The Court also briefly addresses the other two discovery motions filed by Plaintiff seeking a de-designation of certain documents. In Plaintiff's Motion to Permit Disclosure of Documents Previously Designated by Defendant as "Attorneys' Eyes Only" (Dkt. 49), counsel objects to Defendant's designation of the following documents as "ATTORNEYS' EYES ONLY": the Asset Purchase Agreement between Defendant and a Georgia limited partnership ("Buyer") and an earlier offer letter to Defendant from the Buyer. Counsel argues that the Asset Purchase Agreement, the earlier offer letter, and the specific terms set forth in those documents are directly relevant to the fair

market value that Defendant was obligated, pursuant to the Operating Agreement, to pay for Plaintiff's ownership units.

In Plaintiff's Second Motion to Permit Disclosure of Documents Previously Designated by Defendants as "Attorneys' Eyes Only," counsel seeks the disclosure of various documents to Plaintiff including: internal notes between representatives of Defendant Noah Precision regarding the upcoming Asset Purchase Agreement, documents showing the breakdown of the individual ownership of Noah Precision and the profit and loss statements and balance sheets for Noah Precision for the first quarter of 2014, and the General Ledger accounting records for Noah Precision for 2012 and the first quarter of 2014. Counsel argues that these documents are directly relevant to the fair market value that Defendant Noah Precision was obligated, pursuant to the Operating Agreement, to pay for Plaintiff's ownership units in 2014.

Because counsel does not show how allowing Plaintiff to review this discovery would help him prove general or specific jurisdiction in this state and because the documents are available to counsel to incorporate in any briefing on the matter of personal jurisdiction, the Court will not permit the requested disclosure at this time and those discovery motions (**Dkts. 49 & 61**) are **DENIED**.

Before it addresses the merits of the claims asserted, the Court must determine whether it can exercise jurisdiction over Defendants. Although a district court is not required to defer ruling on a jurisdictional motion until all discovery contemplated by a plaintiff has been obtained, "an *opportunity* for discovery is required." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (emphasis in original). The Court thus grants Plaintiff such an opportunity to sustain his burden in proving jurisdiction as set forth herein.

Peter M. Adams' Motion to Dismiss (**Dkt. 46**) and Lauda-Noah, LP and Lauda-Noah Management, Inc.'s Rule 12(b)(6) Motion to Dismiss (**Dkt. 47**) are **DENIED without PREJUDICE** to being refiled upon Plaintiff's completion of the discovery indicated herein. Plaintiff is cautioned that he will be required to respond to any future jurisdictional challenges with credible jurisdictional evidence and that, given the opportunity for discovery, mere allegations or unsubstantiated arguments will not suffice.

**SO ORDERED.**

**SIGNED this 28th day of March, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE